UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GAIL HOUSTON,

               Plaintiff,

          -against-

DEPARTMENT OF EDUCATION; MR. WEINBUSEH,
Principal; MS. DAVIS, Assistant Principal New
Heights Middle School; MS. CHRISTIE, the Secretary;
MS. GARDENER; MS. LAMONT; MS. ELLIOT;
MS. MCKENSIE; MS. NURSE,

               Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-03410 (OEM) (CLP)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Gail Houston ("Plaintiff") filed this *pro se* action on June 13, 2025, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Americans with Disabilities Act 29 U.S.C. § 12101, *et seq.* ("ADA"), ("Compl."), Dkt. 1,[1] along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("IFP motion"), Dkt. 2. For the reasons stated below, Plaintiff's request to proceed *in forma pauperis* is granted, the Complaint is dismissed, and Plaintiff is granted until November 8, 2025, to file an amended complaint.

## BACKGROUND

      Plaintiff states that she was employed at New Heights Middle School in Brooklyn, New York. Compl. at 3. Plaintiff asserts employment discrimination claims for termination of employment, failure to accommodate a disability, unequal terms and conditions of employment,

---

[1] Plaintiff filed a similar action naming numerous other defendants on the same day. *See Houston v. Dept. of Education Union & Psychologist et al.*, No. 25-CV-3409 (OEM) (CLP).

and retaliation. *Id.* at 4.  She also alleges discrimination based on race, national origin, age, and disability or perceived disability. *Id.* at 5.

Plaintiff 's statement of facts states in its entirety:

> [O]ver the years working for the Board of Education, I was able to see Caribbean workers cursing and hitting the students. They verbally harass staff that cannot stand up for themselves. Mostly the women and some men would gather in a group and haul insulting statements to myself. This is after you witness their treatment towards the students and you make a statement of their malicious conduct towards our students. They find a way to force you out of your job.

*Id.*  Plaintiff alleges that discriminatory acts occurred between October 2013 and her termination on October 21, 2021. *Id.* at 4.  Plaintiff states that she is 64 years old and lists her disability or perceived disability as diabetes. *Id.* at 5.  Plaintiff seeks money damages and injunctive relief. *Id.* at 6.  In support of her Complaint, Plaintiff attached the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. *Id.* at 10.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  A claim is plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ. of the City School Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are accepted as true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

2

Nevertheless, the Court shall dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.    Plaintiff's Title VII, ADEA, and ADA Claims

The first issue is whether Plaintiff's Complaint sufficiently pleads facts sufficient to support her claims under Title VII, the ADEA, and ADA. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a prima facie violation of Title VII, Plaintiff must allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Plaintiff's Complaint lacks facts showing how the defendants' actions were discriminatory and what adverse employment actions defendants took.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This protection extends to employees who are at least forty years old. 29 U.S.C. § 631(a). To establish a prima facie case of age discrimination in violation of the ADEA, a plaintiff must show: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) she

experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)). Plaintiff's Complaint does not plead facts specifying her qualifications, the adverse employment action taken, or defendants' basis of discrimination.

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Id.* at 156 (citation and internal quotation marks omitted).; *see also Adams v. Festival Fun Parks, LLC*, 560 Fed.Appx. 47, 48–49 (2d Cir. 2014) (quoting *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013)) (outlining requirements for prima facie case under the ADA). Plaintiff's Complaint lacks facts showing that defendants are covered under the ADA, that she suffers from a disability defined under the ADA, that she was qualified for the job, or how defendants took adverse employment action on the basis of her disability or perceived disability.

Even under the most liberal interpretation of the Complaint, Plaintiff fails to allege a prima facie case of discrimination under Title VII, the ADEA, or the ADA, as she does not allege any facts of an adverse employment action, nor any facts that plausibly connect the alleged adverse employment action to any claimed protected status. *See Littlejohn v. City of NY*, 795 F.3d. 297,

311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination.  They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

## II.    Individual Defendants' Liability

The next issue is whether Plaintiff has standing to sue Mr. Weinbuseh, Ms. Davis, Ms. Christie, Ms. Gardner, Ms. Lamont, Ms. Elliot, Ms. McKensie, or Ms. Nurse in their individual capacities.  Individual defendants, such as those named by Plaintiff, cannot be held liable under Title VII, the ADEA, or the ADA.  *See, e.g., Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016) (Title VII does not provide for individual liability); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (the retaliation provision of the ADA does not provide for individual liability); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (the ADEA precludes individual liability).

In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint within 30 days.  In order to proceed, Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that the defendants discriminated against her in violation of Title VII, the ADEA, and the ADA.  Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended

Complaint," and shall include the same docket number as this Order: 25-CV-3410 (OEM) (CLP). If Plaintiff fails to comply with this Memorandum and Order within the time allowed, or cure the deficiencies discussed herein, judgment dismissing the action shall enter. Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

## CONCLUSION

For the foregoing reasons, the Complaint, filed *in forma pauperis*, is dismissed for failure to state a plausible claim under Title VII, the ADEA, or the ADA, including all Title VII, ADEA, and ADA claims against defendants sued in their individual capacities. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff may file an amended complaint as described in this Order within 30 days from the date of this Order. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within 30 days from the date of this Order or fails to assert facts in support of a claim for relief, the Clerk of Court shall be directed to enter judgment and close this case.

The Clerk of Court is respectfully directed to forward this Order and an employment discrimination form complaint to Plaintiff, noting the mailing on the docket. No summons shall issue at this time and all further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

October 9, 2025
Brooklyn, New York

7