UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
GAIL HOUSTON,

                    Plaintiff,                   **MEMORANDUM AND ORDER**
                                                    25-CV-3410 (OEM) (CHK)

                    -against-

DEPARTMENT OF EDUCATION; MR. WEIBUSCH,
Principal; MS. LYN DAVIS, Assistant Principal;
MS. CHRISTIE, the Secretary; MS. GARDENER;
LUCILLE LAMONT, Para Representative; LORA
ELLIOT, Paraprofessional; MS. MCKENSIE;
MS. NURSE; DR. LUCIANO, Former Principal;
MS. LOVENDER, Paraprofessional; MS. LABADY;
Teacher; and MS. A. CHARLES, School Secretary.

                    Defendants.
--------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

On June 13, 2025, plaintiff Gail Houston ("Plaintiff") filed this *pro se* action pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C.

§ 1981; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); and the

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  *See generally* Complaint

for Employment Discrimination, Dkt. 1 ("Complaint or "Compl.").  That same day, Plaintiff also

moved for leave to proceed *in forma pauperis*.  *See generally* Application to Proceed in District

Court Without Prepaying Fees or Costs, Dkt. 2.  On October 9, 2025, the Court granted Plaintiff's

request to proceed *in forma pauperis* but dismissed the Complaint without prejudice due to

Plaintiff's failure to state a claim upon which relief could be granted under 28 U.S.C.

§ 1915(e)(2)(B)(ii).  *See generally* Memorandum and Order, Dkt. 4 ("October 9 Order").  The

Court additionally granted Plaintiff 30 days from the date of the October 9 Order to file an amended

complaint.  Before the Court is Plaintiff's amended complaint, filed on November 7, 2025.  *See generally* Amended Complaint for a Civil Case, Dkt. 5 ("Amended Complaint" or "Am. Compl.").

For the reasons stated below, the Court dismisses Plaintiff's Amended Complaint and denies leave to further amend.

## BACKGROUND

Plaintiff commenced this action using a form complaint that alleged violations of Title VII, the ADEA, and the ADA.  October 9 Order at 1-2 (citing Compl. at 4).  Specifically, Plaintiff asserted claims for termination of employment, failure to accommodate a disability, unequal terms and conditions of employment and retaliation in connection to several protected statuses: race, color, religion, national origin, age, and disability or perceived disability.  *Id.* (citing Compl. at 5).  Plaintiff contended that "[m]ostly the women and some men would gather in a group and haul insulting statements" towards her while at her job as a paraprofessional for the New York City Department of Education and that they "find a way to force you out of your job."  *Id.* at 2  (citing Compl. at 5).

On October 9, 2025, this Court dismissed Plaintiff's Complaint for failure to state a claim and permitted Plaintiff to file an amended complaint within 30 days.  *Id.* at 6.  Specifically, the Court determined that "[e]ven under the most liberal interpretation of the Complaint, Plaintiff fails to allege a prima facie case of discrimination under Title VII, the ADEA, or the ADA, as she does not allege any facts . . . that plausibly connect the alleged adverse employment action, nor any facts that plausibly connect the alleged adverse employment action to any claimed protected status."  *Id.* at 4 (citations omitted).  In addition, the Court noted that "[i]ndividual defendants, such as those named by Plaintiff, cannot be held liable under Title VII, the ADEA, or the ADA"

2

and dismissed Plaintiff's claims against Mr. Wiebusch, Ms. Davis, Ms. Christie, Ms. Gardner, Ms. Lamont, Ms. Elliott, Ms. McKensie, and Ms. Nurse in their individual capacities. *Id.* at 5.

On November 7, 2025, Plaintiff filed her Amended Complaint. In contrast to the original Complaint, the Amended Complaint is not a form complaint, and Plaintiff does not allege violations under Title VII, the ADEA, or the ADA or assert claims for termination of employment, failure to accommodate a disability, unequal terms and conditions of employment or retaliation, or allege discrimination based on any protected status. *Compare* Am. Compl.*, with* Compl. at 3-5. In addition to named defendants, the New York City Department of Education, Mr. Wiebusch, Ms. Davis, Ms. Christie, Ms. Gardner, Ms. Lamont, Ms. Elliott, Ms. McKensie, and Ms. Nurse, Plaintiff adds four additional individual defendants: Dr. Luciano, Ms. Lovender, Ms. Labady, and Ms. A. Charles. Am. Compl. at 3-4.[1]

In her Amended Complaint, Plaintiff alleges that when she began working as a paraprofessional at New Heights Middle School in October 2013, members of the administration, including "Dr. Luciano and Mr. Weibusch harassed the plaintiff, [and] it created a hostile environment for the plaintiff," after receiving "a document regarding Ms. Houston from a prior school." Am. Compl. at 5. She further asserts that in

> December 2013, principal Dr. Luciano and a teacher Ms. Gardener on two different occasions grabbed the personal pocketbook off the arm of Ms. Houston and walked away with her personal property. This was an alarming event for the plaintiff being a new employee in New Heights Middle School. There was only fight or flight that took over her inner self. This was a few days later, Ms. Houston was called in the office by the administration looking for a response as well as questioning off the document they received. The plaintiff was truly sickened by the past being brought up after a court determined her to return to work. . . . All of the action[s] of the staff reflected their belief in the document [sic].

---

[1] Citations to the Amended Complaint refer to the page numbers in the automatically generated ECF header.

*Id.* Plaintiff "experienced PTSD (post traumatic stress disorder) after the incidents." *Id.* Beyond these assertions, the 41-page complaint largely consists of a recitation of perceived incidents spanning from 2013 through 2021, in which Plaintiff describes various interactions with staff, students, or administration that she characterizes as mistreatment or harassment. *Id.* at 5-41. Previously, Plaintiff sought to return to work and for each defendant to "compensate [her] financially," Compl. at 6, Plaintiff now seeks only money damages in the sum of $100,000, Am. Compl. at 5.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally.").

4

**DISCUSSION**

Plaintiff's Amended Complaint does not cure the deficiencies the Court identified when it dismissed the original complaint.  Plaintiff appears to have abandoned her claims for employment discrimination under Title VII, the ADEA, or the ADA, as the Amended Complaint does not allege discrimination based on any protected status or retaliation under those laws.  *Compare* Compl. at 3-4*, with* Am. Compl.  Therefore, her claims fail to state a claim and must be dismissed.  *See Smith v. NYC Health & Hosps.*, 25-CV-1040 (PKC) (TAM), 2025 WL 722879, at *2 (E.D.N.Y. Mar. 6, 2025) ("'Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable' in federal court." (citation omitted) (quoting *Nakis v. Potter*, 01-CV-10047(HBP), 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004))); *Rissman v. Chertoff*, 08 Civ. 7352(DC), 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008) ("Disrespectful, harsh, and unfair treatment in the workplace alone does not state a claim for violation of federal employment law.").

**A. The Amended Complaint Does Not Plausibly Allege Discrimination or Retaliation Under Title VII, the ADEA, or the ADA.**

To the extent Plaintiff seeks to allege discrimination under Title VII, the ADEA, or the ADA, her claims also fail.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Courts analyze Title VII claims under the burden-shifting framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires a plaintiff to show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega*

*v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

Title VII additionally contains an anti-retaliation provision, which makes it unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  Title VII retaliation claims are likewise analyzed under a burden-shifting framework, which first requires a plaintiff to show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action."  *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)).

The ADEA provides that it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  As with Title VII, courts apply the *McDonnell Douglas* burden-shifting framework to ADEA discrimination claims, requiring a plaintiff to first establish "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced an adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination."  *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citation omitted); *see also Bockus v. Maple Pro, Inc.*, 850 F. App'x 48, 51-52 (2d Cir. 2021) ("It is well established that the burden-shifting framework set forth by the Supreme Court in

[*McDonnell Douglas*] applies to claims brought under the ADEA." (quoting *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam))).

The ADEA likewise contains an anti-retaliation provision that makes it "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). Here, too, courts apply a burden-shifting analysis that requires a plaintiff to first show (1) that "he engaged in protected participation or opposition," (2) "that the employer was aware of this activity," (3) "that the employer took adverse action against the plaintiff," and (4) "that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)).

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). As with Title VII and the ADEA, a plaintiff must first establish that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 486 (S.D.N.Y. 2017) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). For a failure-to-accommodate claim, in particular, a plaintiff must

7

also show that also show that "(1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009) (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)).

The ADA additionally contains an anti-retaliation provision that makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). As with Title VII and the ADEA, a plaintiff must first demonstrate that "(1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citing *Cifra*, 252 F.3d at 216).

Even under the most liberal interpretation of Plaintiff's Amended Complaint, Plaintiff does not state claims of discrimination or retaliation under Title VII, the ADEA, or the ADA. Although Plaintiff need not establish a complete prima facie case of discrimination or retaliation at the pleading stage, she does need to provide "plausible support to a minimal inference of discriminatory motivation." *Luka*, 263 F. Supp. 3d at 487 (quoting *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015)) (analyzing ADA and ADEA discrimination claims); *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (applying this standard in the context of Title VII retaliation and discrimination claims); *Massaro v. Bd. of Educ.*, 774 F. App'x

18, 21 n.2 (2d Cir. 2019) (noting that ADA, ADEA, and Title VII claims are analyzed under the same framework).  Here, however, Plaintiff does not allege any facts that plausibly connect an alleged adverse employment action to a protected status.  *See, e.g.*, *Bockus*, 850 F. App'x at 51-52 (affirming dismissal of Title VII and ADEA claims where the plaintiff "allege[d] no facts that could give rise to a plausible inference" of discrimination).  The Amended Complaint does not provide support for even a minimal inference of discriminatory motivation.

### B. Defendants Sued in Their Individual Capacities Are Not Subject to Individual Liability.

Once again, Plaintiff is suing Defendants in their individual capacities.  But, as explained in the October 9 Order, Title VII, the ADEA, or the ADA do not provide liability against individual defendants.  *See, e.g.*, *Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) ("At the outset, we affirm dismissal of all Title VII claims against defendants sued in their individual capacities because Title VII does not provide for individual liability."); *Yerdon v. Poitras*, 120 F.4th 1150, 1157 (2d Cir. 2024) (per curiam) (holding that the ADA "does not permit suits against individual employees"); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) ("[W]e affirm the dismissals for the reasons stated by district court, namely, that the ADEA precludes individual liability.").  Because defendants sued in their individual capacities are not liable for discrimination under Title VII, the ADEA, or the ADA, the Court reiterates its dismissal of the claims against Mr. Wiebusch, Ms. Davis, Ms. Christie, Ms. Gardner, Ms. Lamont, Ms. Elliott, Ms. McKensie, and Ms. Nurse and further dismisses claims against Dr. Luciano, Ms. Lovender, Ms. Labady, and Ms. A. Charles.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although courts should construe *pro se* plaintiffs' complaints liberally, "amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sep. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court granted Plaintiff the opportunity to amend, and the Amended Complaint failed to cure the deficiencies clearly identified in the October 9 Order. Any additional information Plaintiff included in the Amended Complaint "does not change the reality that Plaintiff's core claims fail as a matter of law." *Bartholomew v. Mount Sinai W.*, 23-CV-3854 (PKC) (JRC), 2025 WL 2772911, at *9 (E.D.N.Y. Sep. 26, 2025). Furthermore, the Court concludes that granting Plaintiff further leave to amend would be futile and declines to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment, close this action, mail a copy of this Memorandum and Order to Plaintiff. and note the mailing on the docket.

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

April 10, 2026
Brooklyn, New York

10